THE STATE, EX REL. SHELLER-GLOBE CORP., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 80-1429—Decided April 15, 1981.)

*Messrs. Eastman, Stichter, Smith & Bergman, Mr. John T. Landweher* and *Mr. Richard T. Sargeant,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Lee M. Smith,* for appellee Industrial Commission.

*Per Curiam.* The question before this court is whether the Industrial Commission abused its discretion by issuing the order allowing Preston's claim under R. C. 4123.57(C).

That section, in relevant part, provides for compensation for loss of hearing in the following terms:

"For the permanent and total loss of hearing of one ear, twenty-five weeks; but in no case shall an award of compensation be made for less than permanent and total loss of hearing of one ear.

"For the permanent and total loss of hearing, one hundred twenty-five weeks; but, except pursuant to the next preceding paragraph, in no case shall an award of compensation be made for less than permanent and total loss of hearing."

Appellant essentially asks for a review of the factual determination that Preston suffered a total loss of hearing.*

It is accepted by all parties concerned that Preston has suffered at least a profound hearing loss. The record indicates that examinations of Preston between 1977 and 1979 disclosed that he had suffered between an 87 percent and 100 percent hearing loss. A letter received from Dr. William Lauf by the Industrial Commission dated January 25, 1977, stated: "Mr. Preston does have permanent and total hearing loss in both ears. He has a very minimal level of hearing." Another doctor told of having to shout from two feet away to make himself understood.

This court has held that "***the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16.

It cannot be said that the commission abused its discretion in finding Preston entitled to an award of benefits. The evidence herein supports the finding of the commission.

Accordingly, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

* The basic contention of the appellant is that, unless Preston is completely deaf, unable to hear any sound at all in one or both ears, he is not entitled to recover under R. C. 4123.57(C).