[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 44.]

THE STATE EX REL. M. WEINGOLD & COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. M. Weingold & Co. v. Indus. Comm.,* 2002-Ohio-5353.]

*Workers' compensation—Substantial inconsistencies between two C84s generated by the same examination—Industrial Commission's awards of temporary total disability compensation vacated when not supported by "some evidence."*

(No. 2001-0458—Submitted July 24, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-317.

————————————

**Per Curiam.**

{¶1} Appellee-claimant, James C. Borawski, sustained an industrial back injury on February 18, 1997. On March 12, 1997, claimant saw Dr. Henry Fabian Jr. Dr. Fabian saw claimant three more times—April 24, 1997, May 27, 1997, and July 2, 1997. Three C84 physician's reports were generated by the last examination. C84s dated July 16, 1997, and August 14, 1997, were nearly identical, naming cervical strain and sprain as the sole work-prohibiting conditions and reporting a lack of any objective medical findings corroborating claimant's complaints of pain. These forms nevertheless certified claimant as temporarily and totally disabled from February 18, 1997, through July 2, 1997.

{¶2} On August 6, 1997, a district hearing officer ("DHO") for appellee Industrial Commission of Ohio ordered temporary total disability compensation ("TTC") from the date of injury through March 17, 1997, and to continue upon submission of medical proof of continuing disability. The aforementioned C84s generated TTC payment through July 1, 1997. Payment, however, ceased when claimant submitted no further evidence of disability.

**{¶3}** Between July 2, 1997, and the following February, claimant received no treatment. On September 3, 1998, he was seen by Dr. Dennis Brooks. Dr. Brooks noted in his September 10 report that claimant was trying to exaggerate his disability and that claimant, to the contrary, had fully recovered from his industrial injury and was able to return to his former job.

**{¶4}** On December 23, 1998, claimant moved the commission for reinstatement of TTC from July 2, 1997, forward. He accompanied his motion with a C84 from Dr. Fabian dated July 17, 1998—54 weeks after his last examination. Based on the same July 2, 1997 examination that had produced the two earlier C84s, this C84 recorded, for the first time, substantial lumbar and thoracic involvement as well as chronic spasm and polyneuropathy that "severely limits his ambulatory capacity." That document certified temporary total disability from February 18, 1997, through September 2, 1998.

**{¶5}** A staff hearing officer awarded TTC from July 2, 1997, through February 5, 1998, based on Dr. Fabian's July 17, 1998 C84. TTC from February 6, 1998, through October 1999 was paid pursuant to reports from Dr. Darin Upchurch. Compensation was terminated as of October 20, 1999, per Dr. Brooks's certification of claimant's ability to return to his former position of employment. The court of appeals denied the petition of claimant's employer M. Weingold and Company ("Weingold") for a writ of mandamus ordering the commission to vacate the award of TTC.

**{¶6}** This cause is now before this court upon an appeal as of right.

**{¶7}** Two periods of TTC are at issue: (1) July 2, 1997, through February 5, 1998, and (2) September 10, 1998, through October 20, 1999. For the following reasons, we hereby order the commission to vacate both awards.

**{¶8}** The first award was based on Dr. Fabian's July 17, 1998 C84. Weingold's complaints about that document relate to the amount of time without treatment and the time between the examination and the completion of the C84.

{¶9} The first complaint is not, standing alone, compelling. Lack of treatment may or may not suggest an absence of disability. *State ex rel. Simon v. Indus. Comm.* (1994), 71 Ohio St.3d 186, 188, 642 N.E.2d 1096. In this case, claimant's seven months without treatment was largely attributable to the delay of the Bureau of Workers' Compensation in processing Dr. Fabian's request for authorization of treatment.

{¶10} Weingold's second criticism is more convincing. Dr. Fabian last examined claimant on July 2, 1997, and that evaluation generated three C84s. Those prepared on July 16, 1997, and August 14, 1997, named cervical strain and sprain as the lone work-preventing condition. Neither report listed any objective findings to corroborate claimant's continued allegations of pain.

{¶11} The July 17, 1998 C84, on the other hand, was very different. Suddenly, the July 2, 1997 examination also produced diagnoses of axial lumbar and cervicothoracic pain, as well as para-axial spasm and polyneuropathy. Lumbar and thoracic strain were now key players in claimant's disability.

{¶12} We view this discrepancy skeptically, and the time between the examination and the completion of the C84 makes the latter even more suspect. We have held that internally inconsistent doctor's reports cannot be "some evidence" supporting a commission decision. *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528. By extension, substantial inconsistencies between two C84s generated by the same examination compel the same result. We find, therefore, that Dr. Fabian's July 19, 1998 C84 is not "some evidence" of TTC from July 2, 1997, through February 5, 1998.

{¶13} The award of TTC from September 10, 1998, through October 1, 1999, is also unsupported. On September 10, 1998, Dr. Brooks concluded that claimant could return to his former job. On October 20, 1999, a DHO adopted that report as persuasive. Weingold advocates the former as the date for termination of

TTC, and the commission, the latter, based on *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069.

{¶14} In *Russell*, the commission ordered TTC to continue contingent on medical proof. While the claimant continued to submit medical proof, the employer countered with evidence of maximum medical improvement—evidence ultimately favored by the commission. Debate ensued as to the appropriate termination date— the date of hearing or the earlier date of the proof of the basis for termination. We chose the former, declaring that where a claimant was receiving "ongoing TTD compensation pursuant to a prior order," compensation must continue to the date of the hearing. Id. at 521, 696 N.E.2d 1069.

{¶15} Our litigants debate *Russell*'s applicability, i.e., whether claimant was receiving "ongoing TTD compensation pursuant to a prior order." We find that he was not.

{¶16} On August 6, 1997, a DHO ordered TTC to be paid from February 1, 1997, through March 17, 1997, and to continue upon submission of medical proof. Claimant submitted proof of temporary total disability only through July 1, 1997, and, when no further evidence was forthcoming, TTC ceased. This is key. Claimant argues that because he later sought to recommence TTC as of July 2, 1997, his receipt of compensation was ongoing. But earlier cessation of TTC contradicts this. Only because he filed a new motion 12 months later seeking TTC reinstatement did compensation start up again. That the two compensation periods were contiguous does not make it an ongoing, unbroken chain of TTC. Consequently, *Russell* does not apply, and extension of TTC to the date of hearing was inappropriate.

{¶17} The judgment of the court of appeals is reversed, and a writ of mandamus is issued ordering the commission to vacate both periods of TTC.

Judgment reversed

and writ granted.

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK, J., dissents.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶18} I would affirm the judgment of the court of appeals.

_____

Calfee, Halter & Griswold, L.L.P., and Donald E. Lampert, for appellant.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.

Seaman & Associates Co., L.P.A., and Angelique M. Hartzell, for appellee James Borawski.

_____