DECISION
{¶ 1} Relator, Lockheed Martin Corporation, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order awarding respondent, Donald L. Channell ("claimant"), R.C. 4123.57(B) compensation for the permanent and total loss of hearing of his right ear, and to enter an order denying that compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator had asserted that an audiologist's finding that claimant has "moderately severe" hearing loss with "very poor word recognition ability" was inconsistent with a physician's opinion that claimant "has total deafness in his right ear" and did not support an award for a total loss of hearing in that ear. Relying on the definition of "total loss of hearing" used by the Ohio Supreme Court in State ex rel. Sheller-Globe Corp. v. Indus.Comm. (1981), 66 Ohio St.2d 51, and this court in Kingry v.Indus Comm. (Mar. 26, 1985), Franklin App. No. 84AP-109, however, the magistrate concluded that the physician's letter, along with the audiologist's report, constituted some evidence upon which the commission could rely to award R.C. 4123.57(B) compensation for a total loss of hearing of the right ear.
 {¶ 3} No objections to that decision have been filed.
 {¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Bryant and Petree, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Lockheed Martin Corporation, : :
Relator, : :
v. : No. 05AP-311 :
Donald L. Channell and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on September 27, 2005 Earl, Warburton, Adams Davis, Bruce L. Hirsch
and Christopher R. Walsh, for relator.
Ben Sheerer Law Offices, M. Scott Kidd and Thomas R. Pitts,
for respondent Donald L. Channell.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} In this original action, relator, Lockheed Martin Corporation, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding respondent Donald L. Channell ("claimant") R.C.4123.57(B) compensation for the permanent and total loss of hearing of his right ear, and to enter an order denying said compensation.
Findings of Fact:
 {¶ 6} 1. On October 27, 2001, claimant sustained an industrial injury while employed with relator, a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for "cranial concussion disorder; inner ear concussion disorders" as well as other conditions. The claim is assigned number 01-863195.
 {¶ 7} 2. On September 12, 2004, claimant moved for R.C.4123.57(B) compensation for total loss of hearing of his right ear. In support, claimant submitted a letter, dated August 23, 2004, from Gordon B. Hughes, M.D. The letterhead indicates that Dr. Hughes specializes in otology and neurotology. The letter states:
Mr. Donald Channell has total deafness in his right ear which is permanent and is the direct result of an injury he sustained on October 27, 2001. Attached please find a copy of his hearing test. * * *
 {¶ 8} 3. The attachment to Dr. Hughes' letter is an eight-page document charting and reporting the results of auditory testing performed by audiologist Suzanne Kornhass, Au.D., on July 22, 2002.
 {¶ 9} On the first page of the document, Ms. Kornhass wrote in her own hand:
Hx [History]: [Patient] reports continuous feeling of being `off-balance' since Oct/01 following a fall and loss of consciousness.
Results: AS [auris sinistra or left ear] Hearing WNL [within normal limits] w[ith] excellent word rec[ognition] ability.
AD [auris dextra or right ear] Moderately severe SNHL [sensorineural hearing loss] w[ith] very poor word recognition ability.
 {¶ 10} 4. Following a November 8, 2004 hearing, a district hearing officer ("DHO") issued an order granting an award:
The Hearing Officer finds from proof on file that as a result of the injury in this claim, the injured worker suffered total loss of hearing in the right ear. It is ordered, therefore, that compensation for permanent partial disability be granted in accordance with Section 4123.57 of the Ohio Revised Code, commencing 8/23/2004.
The Hearing Officer, in making this finding, has relied upon the following evidence: Dr. Hughes, injured worker's physician's report dated 8/23/2004.
 {¶ 11} 5. Relator administratively appealed the DHO order of November 8, 2004. Following a January 25, 2004 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order:
The Staff Hearing Officer finds that the injured worker has suffered a total loss of hearing in his right ear as a direct result of the injury he sustained on October 27, 2001. Therefore, it is the order of the Staff Hearing Officer that compensation is awarded for total loss of hearing in the right ear pursuant to Ohio Revised Code Section 4123.57.
The Staff Hearing Officer's decision is based on Dr. Hughes' August 23, 2004 report.
 {¶ 12} 6. On February 9, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO order of January 25, 2005.
 {¶ 13} 7. On March 30, 2005, relator, Lockheed Martin Corporation, filed this mandamus action.
Conclusions of Law:
 {¶ 14} The issue is whether Dr. Hughes' August 23, 2004 letter, along with the audiologist's report, constitutes some evidence upon which the commission can rely to award R.C.4123.57(B) compensation for a total loss of hearing of the right ear.
 {¶ 15} Finding that Dr. Hughes' letter, along with the audiologist's report, does constitute some evidence upon which the commission can rely, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 16} R.C. 4123.57(B) provides for compensation for scheduled losses. Pertinent here, the statute states: "For the permanent and total loss of hearing of one ear, twenty-five weeks; but in no case shall an award of compensation be made for less than permanent and total loss of hearing of one ear."
 {¶ 17} It is settled that R.C. 4123.57(B) does not permit an award for partial hearing loss. State ex rel. Dingess v. Indus.Comm. (1998), 82 Ohio St.3d 31 (finding State ex rel. Hammondv. Indus. Comm. [1980], 64 Ohio St.2d 237, to be controlling on the question).
 {¶ 18} The opinion of the Supreme Court of Ohio in State exrel. Sheller-Globe Corp. v. Indus. Comm. (1981),66 Ohio St.2d 51, affirming this court's judgment in State ex rel.Sheller-Globe Corp. v. Indus. Comm. (1980), Franklin App. No. 80AP-194, and this court's decision in Sheller-Globe, supra, are instructive.
 {¶ 19} Sheller-Globe Corp. filed in this court a complaint for a writ of mandamus contending that the commission had abused its discretion by awarding compensation to claimant, Delno H. Preston, under former R.C. 4123.57(C) (now R.C. 4123.57[B]) for a total loss of hearing. In a split decision upholding the commission's award, this court set forth a standard for loss of hearing. Writing for the majority, Judge Whiteside stated:
* * * [T]o ascertain the true meaning of the words "total loss of hearing" as used in the statute, of prime importance is the meaning of the word "hearing" as used in the statute. Within the context of the statute, the word "hearing" connotes the ability to comprehend everyday speech. In other words, hearing connotes the ability to comprehend the spoken word for the purpose of communication with others. The mere fact that a person is able to discern certain sounds of certain frequencies at certain intensities does not prevent a finding of a total loss of hearing if the person is unable to hear and comprehend the spoken word even when spoken extremely loud. In other words, hearing within the context of the statute connotes the ability not just to discern sounds but also the ability to comprehend and give meaning to the sounds. Thus, there is a total loss of hearing where a person is completely unable to gain information through oral conversation by use of his auditory organs.
 {¶ 20} Sheller-Globe Corp. took an appeal as of right to the Supreme Court of Ohio. Affirming this court's judgment, the Supreme Court, in a unanimous per curiam opinion, stated:
It is accepted by all parties concerned that Preston has suffered at least a profound hearing loss. The record indicates that examinations of Preston between 1977 and 1979 disclosed that he had suffered between an 87 percent and 100 percent hearing loss. A letter received from Dr. William Lauf by the Industrial Commission dated January 25, 1977, stated: "Mr. Preston does have permanent and total hearing loss in both ears. He has a very minimal level of hearing." Another doctor told of having to shout from two feet away to make himself understood.
This court has held that "* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." State exrel. Haines v. Indus. Comm. (1972), 29 Ohio St.2d 15, 16,278 N.E.2d 24.
It cannot be said that the commission abused its discretion in finding Preston entitled to an award of benefits. The evidence herein supports the finding of the commission.
Id. at 52.
 {¶ 21} In a footnote, the Supreme Court in Sheller-GlobeCorp. stated:
The basic contention of the appellant is that, unless Preston is completely deaf, unable to hear any sound at all in one or both ears, he is not entitled to recover under R.C. 4123.57(C).
 {¶ 22} Following the decision of the Supreme Court of Ohio inSheller-Globe Corp., this court had another occasion to apply a standard for a loss of hearing under former R.C. 4123.57(C) inKingry v. Indus. Comm. (1985), Franklin App. No. 84AP-109. InKingry, this court states:
As decided by Judge Whiteside in Sheller-Globe, in order to understand the true meaning of the words" total loss of hearing" it is essential to focus on the meaning of the word "hearing". Hearing, within the context of the statute, means not just the ability to discern sounds, but, also, the ability to comprehend and give meaning to the sounds. Therefore, an inability to comprehend the spoken word for purposes of communication represents a total loss of hearing. It matters little that a person is able to discern certain sounds of certain frequencies at certain intensities if it is ascertained that the person is unable to hear and comprehend the spoken word.
The employer, therein, appealed to the Supreme Court and in the decision of State ex rel. Sheller-Globe Corp., v. Indus. Comm.
(1981), 66 Ohio St.2d 51, this court's judgment was affirmed. The Supreme Court, however, did not expressly rule on the meaning of "total loss of hearing" as found in R.C. 4123.57(C), but, instead, viewed the case as involving only a disputed factual issue, and based upon the evidence in the file refused to find that the commission abused its discretion in finding the claimant entitled to an award of compensation for total loss of hearing. Therefore, we still consider the definition as found in this court's opinion in Sheller-Globe persuasive.
 {¶ 23} According to relator, the audiologist's finding that claimant has "moderately severe" hearing loss with "very poor word recognition ability," implies that claimant has "at least some word recognition ability and the ability to hear at least some sound." (Relator's brief at 3-4.) On that basis, relator concludes that the audiologist's finding is inconsistent with Dr. Hughes' opinion relied upon to support the commission's finding of total loss of hearing. The magistrate disagrees with relator's argument.
 {¶ 24} To begin, contrary to relator's assertion, the audiologist's finding of "very poor word recognition ability" does not necessarily equate to a finding that claimant has "some" word recognition ability. The audiologist never said that claimant has "some" word recognition ability in the right ear. Again, what the audiologist said is that the claimant has "very poor word recognition ability."
 {¶ 25} Moreover, even if it could be argued that the audiologist's finding implies that claimant can recognize some words with his right ear, that would not negate "an inability to comprehend the spoken word for purposes of communication" which, according to the Kingry court, represents a total loss of hearing.
 {¶ 26} In effect, the audiologist's report indicates that claimant has totally lost the ability to communicate with the use of his right ear. That is equatable to a total loss of hearing of the right ear regardless of any residual ability to hear sounds with the ear.
 {¶ 27} Given that relator fails to show any apparent inconsistency between the audiologist's report and Dr. Hughes' opinion, relator's claim that Dr. Hughes' opinion must be viewed as equivocal under State ex rel. Eberhardt v. Flxible Corp.
(1994), 70 Ohio St.3d 649, must fail. Likewise, Dr. Hughes' opinion and the audiologist's report are not internally inconsistent under the theory set forth in State ex rel.Weingold Co. v. Indus. Comm., 97 Ohio St.3d 44,2002-Ohio-5353, a case also relied upon by relator.
 {¶ 28} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.