DECISION
{¶ 1} This original action in mandamus was brought by relator, Amy Swanson-Foulk ("relator"), seeking a writ of mandamus ordering respondent Industrial Commission *Page 2 
of Ohio ("commission"), to vacate its order mailed on March 25, 2005, terminating relator's temporary total disability ("TTD") compensation on November 23, 2003, and to issue an order finding TTD compensation terminated on September 10, 2004, the date of the district hearing officer ("DHO") hearing.
 {¶ 2} Pursuant to Civ. R. 53 and Loc.R. 12 of this court, this cause was referred to a magistrate, who rendered a decision, including findings of fact and conclusions of law, recommending that this court should deny the requested writ of mandamus. (Attached as Appendix A.)
 {¶ 3} After an independent review of the stipulated evidence and the applicable law, this court, for the following reasons, concludes that the magistrate correctly found the salient facts and applied the applicable law thereto.
 {¶ 4} Relator has filed three objections to the magistrate's report:
 [1.] The magistrate erred by finding temporary total disability compensation was not ongoing on the date of the District Hearing Officer hearing, September 10, 2004.
 [2.] The magistrate erred in applying the decision in State ex rel. M. Weingold Co. v. Indus. Comm. (2002), 97 Ohio St.3d 44, 776 N.E.2d 69 to the facts here.
 [3.] The magistrate erred by not granting a writ of mandamus finding the proper date of termination of TT to be the date of the DHO hearing.
 {¶ 5} Relator's first objection is predicated upon relator's assertion that the magistrate erred by finding TTD compensation was not ongoing on the date of the DHO's hearing, September 10, 2004.
 {¶ 6} Relator was injured on May 10, 1993, during the course of her employment with respondent employer, Millennium Inorganic Chemicals ("Millennium"), and her *Page 3 
industrial claim was recognized for "lumbosacral sprain and strain and L4-L5 bulging disc." Relator was awarded TTD compensation by order mailed on May 6, 2003, with TTD compensation to continue upon submission of C-84s by the physician showing continued TTD disability. The last such C-84 certifying continued disability was filed August 15, 2003, and certified disability from November 6, 2002, through October 29, 2003. On November 16, 2003, since no further C-84 had been submitted, respondent Millennium, a self-insured employer, ceased payment of TTD compensation.
 {¶ 7} On November 12, 2003, relator was examined by Jack G. Jones, M.D., at the request of the commission. In his report of November 23, 2003, he found relator to have reached maximum medical improvement ("MMI") from her allowed conditions. On December 13, 2004, respondent Millennium (through Gates-McDonald) sent correspondence to relator advising her that her TTD compensation had terminated effective November 23, 2003. On December 15, 2003, N. Rehmatullah, M.D. completed a new C-84 certifying relator's disability from November 6, 2002 through February 27, 2004. This report was filed approximately seven weeks after the date the previous C-84 had indicated relator would be able to return to work and created a gap of that length in the C-84 certification.
 {¶ 8} On September 10, 2004, the matter was heard by a DHO, who granted TTD compensation from the date last paid to July 29, 2004, and found relator to have reached MMI and terminated TTD compensation as of the date of the hearing. On December 7, 2004, an appeal from the DHO order was heard by a staff hearing officer ("SHO"), who issued an order modifying the DHO order and terminated TTD compensation based upon *Page 4 
the report of Dr. Jones, finding relator to have reached MMI effective the date of that report, November 23, 2003.
 {¶ 9} The magistrate found that relator had no clear legal right to have the date of MMI changed from October 30, 2003, the date Dr. Rehmatullah estimated a return to work, to September 10, 2004, the date of the DHO hearing. Factually, the SHO order correctly found that relator had reached MMI as of the date of Dr. Jones's report, November 23, 2003. In finding that TTD compensation was not ongoing or continuing as of the date of the DHO hearing, the magistrate stated: "In effect, Dr. Rehmatullah's December 15, 2003, C-84, completed on the 46th day following the expiration of the prior certification, was a request for a new period of TTD compensation. Hence, TTD compensation was not ongoing[.]" (Magistrate's Decision, ¶ 53.) Thus, TTD compensation was not ongoing nor continuing at the time of Dr. Jones's examination and report. This was a correct statement by the magistrate. The 46th day elapsed and the C-84 certification was sufficient to cause compensation under the prior order of the commission to be terminated, which was to continue only until October 30, 2003.
 {¶ 10} Relator contends that the law does not permit either the self-insured employer or the commission to permanently terminate TTD compensation based upon a lapse in filing of C-84s. However, that is exactly what the order under which TTD compensation was being paid required. It was to continue only so long as C-84s certified continuing TTD. There is no requirement that compensation continue to be made, given the failure of the relator to file continuing C-84s showing continued disability.
 {¶ 11} The SHO found, based upon Dr. Jones's report, that relator had reached MMI as of November 23, 2003, which finding is fully supported by Dr. Jones's report, and *Page 5 
relator has presented no evidence to the contrary. Dr. Rehmatullah's December 15, 2003, report indicates that he examined relator on that date but certifies disability from November 6, 2002, to February 27, 2004, and indicated estimated return-to-work date of February 28, 2004. The last previous C-84 of Dr. Rehmatullah was on August 15, 2003, and certified disability from November 6, 2002, to October 29, 2003, with a return-to-work date of October 30, 2003. There is nothing in the December 15, 2003, report to explain, except that Dr. Rehmatullah checked the "No" block to the inquiry as to whether relator had reached MMI. However, he did not make any notation as to any "barriers" preventing MMI.
 {¶ 12} The SHO properly relied upon the report of Dr. Jones to find that relator had reached MMI. The only question is whether determination of TTD should be as of the date that Dr. Jones made that determination and it was filed with the commission, or at the date of the DHO hearing. The first objection to the magistrate's report is not well-taken.
 {¶ 13} By the second objection, relator contends that the magistrate improperly relied upon State ex rel. M. Weingold Co. v. Indus.Comm. (2002), 97 Ohio St.3d 44, 2002-Ohio-5353, to the facts in this case. Although relator contends that the facts in the two cases are decidedly different, the difference is primarily in the amount of time which elapsed between the submission of the last C-84 and the time of the motion for "reinstatement" of TTD compensation. InWeingold, there was an 18-month lapse between the C-84 filings. In this case, there was only a four-month lapse between the C-84s filed by Dr. Rehmatullah. *Page 6 
 {¶ 14} Relator relies upon State ex rel. Russell v. Indus. Comm.
(1998), 82 Ohio St.3d 516. However, in Russell, the claimant, did not have the gap in the continuity of C-84 filings. Weingold, however, held that Russell did not apply when there was a break in C-84 filings where the claimant stopped submitting medical evidence of disability to support TTD compensation. In Weingold, as indicated above, the gap was 18 months; here, the gap is only four months in the filing of C-84s, and the gap is only 46 days from the last date for which TTD compensation had been certified by a C-84. Nevertheless, Weingold, rather thanRussell, is applicable because Russell did not involve a gap butWeingold did. The difference here is that during that gap relator was examined by Dr. Jones, who found that relator had reached MMI.Weingold was properly applied in this case by the magistrate. The second objection is not well-taken.
 {¶ 15} The third objection is that the MMI determination was made effective to November 23, 2003, rather than the date of the DHO hearing. Relator was examined by Dr. Jones at the request of respondent commission. It was not a matter that respondent Millennium brought up or obtained by having relator examined by a physician of its own choosing. We find that the magistrate's conclusion is correct. The third objection is not well-taken.
 {¶ 16} For the foregoing reasons, this court overrules all three of relator's objections and adopts the magistrate's decision as its own, including the findings of fact and conclusions of law, and denies the requested writ of mandamus.
Objections overruled; writ denied.
 KLATT and McGRATH, JJ., concur. *Page 7 
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 8 
 APPENDIX A MAGISTRATE'S DECISION Rendered on March 19, 2007 IN MANDAMUS {¶ 17} In this original action, relator, Amy C. Swanson-Foulk, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it terminates temporary total disability ("TTD") compensation as *Page 9 
of November 23, 2003, the date of Dr. Jones' opinion that the industrial injury is at maximum medical improvement ("MMI"), and to enter an amended order terminating TTD compensation as of September 10, 2004, the date of the hearing before the district hearing officer who first heard the employer's claim that the industrial injury is at MMI.
Findings of Fact: {¶ 18} 1. On May 10, 1993, relator sustained an industrial injury while employed with respondent Millennium Inorganic Chemicals ("employer"), a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for "lumbosacral sprain and strain; L4-L5 bulging disc," and is assigned claim number L233694-22.
 {¶ 19} 2. On March 12, 2003, relator moved for the payment of TTD compensation based upon a C-84 completed by N. Rehmatullah, M.D.
 {¶ 20} 3. Following an April 30, 2003 hearing, a district hearing officer ("DHO") issued an order awarding TTD compensation. The DHO's order states:
 Temporary total compensation is ordered paid from 11/06/02 through 06/29/03, and to continue upon submission of medical evidence of temporary total disability due solely to the allowed conditions herein.
 {¶ 21} 4. The employer administratively appealed the DHO's order of April 30, 2003.
 {¶ 22} 5. Following a June 17, 2003 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order of April 30, 2003. The SHO's order of June 17, 2003 states:
 Temporary total compensation shall be paid from 11/6/02 through 6/29/03, inclusive, less any sick and accident *Page 10 
[payments] and to continue upon submission of medical evidence of temporary total disability.
 {¶ 23} 6. On August 7, 2003, another SHO mailed an order refusing the employer's administrative appeal from the SHO's order of June 17, 2003.
 {¶ 24} 7. On August 15, 2003, Dr. Rehmatullah completed another C-84 certifying TTD from November 6, 2002 through an estimated return-to-work date of October 30, 2003.
 {¶ 25} 8. The employer continued to pay TTD compensation through November 16, 2003, even though it had not received another C-84 extending TTD beyond October 30, 2003.
 {¶ 26} 9. On November 12, 2003, at the employer's request, relator was examined by Jack G. Jones, M.D. In his report dated November 23, 2003, Dr. Jones opined that the allowed conditions of the claim had reached MMI.
 {¶ 27} 10. By letter dated December 16, 2003, the employer's counsel informed the commission:
 * * * It has come to our attention that Claimant underwent surgery on November 28, 2003 for conditions unrelated to the above workers' compensation claim. As a result, please be advised that the Self-Insured Employer is hereby terminating Claimant's temporary total disability compensation as there is insufficient evidence that Claimant's disability, if any there is, is related to the allowed conditions in this claim. By copy of this correspondence, we are advising Claimant's counsel of this termination.
 {¶ 28} 11. On December 15, 2003, Dr. Rehmatullah completed a C-84 extending the estimated return-to-work date to February 28, 2004. *Page 11 
 {¶ 29} 12. By letter dated December 29, 2003, the employer's counsel informed the commission:
 * * * We have received a C-84 purportedly certifying disability from November 6, 2002 through February 27, 2004. It has come to our attention, however, that Claimant underwent surgery on November 28, 2003 for conditions unrelated to the above workers' compensation claim. As a result, please be advised that the Self-Insured Employer is hereby denying Claimant's request for temporary total disability compensation as there is insufficient evidence that Claimant's present disability, if any there is, is related to the allowed conditions in this claim. By copy of this correspondence, we are advising Claimant's counsel of this denial.
 {¶ 30} 13. On June 14, 2004, Dr. Rehmatullah completed a C-84 based on a June 14, 2004 examination. On this C-84, Dr. Rehmatullah extended the estimated return-to-work date to July 30, 2004.
 {¶ 31} 14. By letter dated July 23, 2004, the employer's third-party administrator ("TPA") informed the Ohio Bureau of Workers' Compensation ("bureau") that the employer "disputes" the C-84. On behalf of the employer, the TPA requested a hearing on the matter. Apparently, the July 23, 2004 letter, along with the C-84, was filed by the TPA on July 27, 2004.
 {¶ 32} 15. Following a September 10, 2004 hearing, a DHO issued an order stating:
 It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Employer on 07/27/2004 is granted to the extent of this order.
 The District Hearing Officer finds that Temporary Total Compensation is to be paid from the date of last payment in December 2003 through 07/29/2004. This finding is based *Page 12 
on the 06/14/2004 C-84 of Dr. N. Rehmatullah. The District Hearing Officer also finds, based on the 11/23/2003 report of Dr. Jack Jones, that the Injured Worker has reached maximum medical improvement as of 09/10/2004, the date of this hearing.
 Temporary Total Compensation for [the] period of 07/30/2004 through 09/09/2004 is to be paid on submission of proof of Temporary Total disability causally related to the allowed conditions. * * *
 {¶ 33} 16. Relator and the employer administratively appealed the DHO's order of September 10, 2004.
 {¶ 34} 17. Earlier, on September 7, 2004, Dr. Rehmatullah completed another C-84. This C-84 extended TTD to an estimated return-to-work date of November 30, 2004. However, it should be noted that the C-84 dated September 7, 2004, had not been submitted to the commission as of the September 10, 2004 hearing before the DHO.
 {¶ 35} 18. Following a December 7, 2004 hearing, an SHO issued an order stating:
 The order of the District Hearing Officer, from the hearing dated 09/10/2004, is modified to the following extent: Therefore, the C84, filed 07/27/2004, is denied.
 Staff Hearing Officer finds that, pursuant to the claimant's testimony at hearing, she has worked, for a period of time, since the date of injury. Staff Hearing Officer finds the C84s of Dr. Rehmatullah lacking in objective findings and lacking in content that demonstrates any change in the claimant's condition, over the past year. Staff Hearing Officer finds the 11/23/2003 report of Dr. Jones to be persuasive and, therefore, a finding of maximum medical improvement, is made herein, with temporary total disability compensation terminated effective the date of Dr. Jones report, (see current case law) with any overpayment in temporary total disability compensation to be collected from the claimant, pursuant to O.R.C. Section 4123.511 (J). Staff Hearing Officer notes that, the claimant had unrelated neck surgery *Page 13 
on 11/27/2003, subsequent to Dr. Jones' examination and report.
 {¶ 36} 19. Relator administratively appealed the SHO's order of December 7, 2004.
 {¶ 37} 20. Following a February 24, 2005 hearing before the three-member commission, the commission issued an order stating:
 The Commission finds that the injured worker has reached maximum medical improvement as of 11/23/2003, the date on which the injured worker was evaluated by Dr. Jack Jones who stated:
 Based upon the above history and physical examination and after review of the medical records available to me, it is my opinion that the claimant has reached maximum medical improvement for the allowed conditions in this claim. In other words, she has reached a treatment plateau where no fundamental, functional, or physiological change can be expected despite additional medical treatments.
 Temporary total disability compensation was paid by the self-insuring employer through 11/16/2003, based on a C-84 submitted by Dr. Rehmatullah dated 08/15/2003, which certified disability to an estimated return to work date of 10/30/2003. The period paid from 10/30/2003 through 11/16/2003 was paid voluntarily by the employer in the absence of a certification of disability. The next C-84 certifying disability was not submitted until 12/15/2003, and certified disability retroactively from 11/06/2002 through 02/27/2004.
 The Commission finds that there is no requirement to continue payment of temporary total disability until the date of the District Hearing Officer hearing on 09/10/2004. Compensation was not continuing at the time that the self-insuring employer denied the injured worker's request for temporary total disability compensation on 12/16/2003, and at the time of Dr. Jones' 11/23/2003 report finding the injured worker to have reached maximum medical improvement. Payment can be stopped based on a finding of maximum *Page 14 
medical improvement prior to the District Hearing Officer hearing when a new period of compensation is under consideration. In this case, temporary total disability compensation starting 11/16/2003 constitutes a new period of disability due to the one month break in the submission of medical evidence certifying disability after that date, and one an[d] a half month break in the submission of medical evidence after the last date certified in a C-84.
 For the foregoing reasons, the Commission finds that temporary total disability compensation is terminated as of 11/23/2003, the date of Dr. Jones' report, based on a finding of maximum medical improvement. Temporary total disability compensation is to be paid from 11/17/2003 through 11/22/2003 based upon the C-84 from Dr. Rehmatullah dated 12/15/2003.
 {¶ 38} 21. Relator requested reconsideration of the commission's February 24, 2005 order.
 {¶ 39} 22. On April 22, 2005, the commission mailed an order denying reconsideration.
 {¶ 40} 23. On August 8, 2006, relator, Amy C. Swanson-Foulk, filed this mandamus action.
Conclusions of Law: {¶ 41} The issue is whether State ex rel. Russell v. Indus. Comm.
(1998), 82 Ohio St.3d 516, compels the commission to award TTD compensation to September 10, 2004, the date of the hearing before the DHO.
 {¶ 42} Finding that Russell does not compel the result that relator seeks, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below. *Page 15 
 {¶ 43} In Russell, the commission had awarded TTD compensation for a psychological condition known as "dysthymia" and, pursuant to the award, the bureau continued to pay TTD compensation to the claimant. On March 23, 1995, at the bureau's request, the claimant was examined by Alan D. Gilbertson, Ph.D., who opined that the claimant had reached MMI. Based upon his report, the bureau moved to terminate compensation.
 {¶ 44} In Russell, following a July 24, 1995 hearing, a DHO terminated TTD compensation as of March 23, 1995, based upon Dr. Gilbertson's MMI opinion. The DHO's order was administratively affirmed. Later, the commission declared an overpayment of the TTD compensation that was paid after March 23, 1995.
 {¶ 45} Issuing writs of mandamus and prohibition, the Russell court held that the appropriate date on which to terminate disputed TTD compensation on the basis of MMI is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date.
 {¶ 46} Russell was distinguished in State ex rel. M. Weingold Co. v.Indus. Comm., 97 Ohio St.3d 44, 2002-Ohio-5353. In Weingold, on August 6, 1997, a DHO ordered TTD compensation from the date of injury through March 17, 1997 and to continue upon submission of medical proof of continuing disability. C-84s generated TTD payments through July 1, 1997. However, payment ceased when the claimant submitted no further evidence of disability.
 {¶ 47} In Weingold, on September 3, 1998, the claimant was seen by Dr. Dennis Brooks. Dr. Brooks noted in his September 10, 1998 report that the claimant was able to return to his former job. *Page 16 
 {¶ 48} On December 23, 1998, the claimant moved the commission for reinstatement of TTD compensation from July 2, 1997 forward.
 {¶ 49} An SHO awarded TTD compensation from July 2, 1997 through October 1999. Compensation was terminated as of October 20, 1999, per Dr. Brooks' certification of the claimant's ability to return to his former position of employment.
 {¶ 50} The Weingold court reasoned:
 The award of TTC from September 10, 1998, through October 1, 1999, is also unsupported. On September 10, 1998, Dr. Brooks concluded that claimant could return to his former job. On October 20, 1999, a DHO adopted that report as persuasive. Weingold advocates the former as the date for termination of TTC, and the commission, the latter, based on State ex rel. Russell v. Indus. Comm. (1998), 82 Ohio St.3d 516[.] * * *
 In Russell, the commission ordered TTC to continue contingent on medical proof. While the claimant continued to submit medical proof, the employer countered with evidence of maximum medical improvement — evidence ultimately favored by the commission. Debate ensued as to the appropriate termination date — the date of hearing or the earlier date of the proof of the basis for termination. We chose the former, declaring that where a claimant was receiving "ongoing TTD compensation pursuant to a prior order," compensation must continue to the date of the hearing. Id. at 521[.] * * *
 Our litigants debate Russell `s applicability, i.e., whether claimant was receiving "ongoing TTD compensation pursuant to a prior order." We find that he was not.
 On August 6, 1997, a DHO ordered TTC to be paid from February 1, 1997, through March 17, 1997, and to continue upon submission of medical proof. Claimant submitted proof of temporary total disability only through July 1, 1997, and, when no further evidence was forthcoming, TTC ceased. This is key. Claimant argues that because he later sought to recommence TTC as of July 2, 1997, his receipt of compensation was ongoing. But earlier cessation of TTC *Page 17 
contradicts this. Only because he filed a new motion 12 months later seeking TTC reinstatement did compensation start up again. That the two compensation periods were contiguous does not make it an ongoing, unbroken chain of TTC. Consequently, Russell does not apply, and extension of TTC to the date of hearing was inappropriate.
Id. at ¶ 13-16.
 {¶ 51} Weingold is controlling here. It compels the conclusion that the commission's order of February 24, 2005, terminating TTD compensation as of November 23, 2003, the date of Dr. Jones' report, does not constitute an abuse of discretion, nor does it violate the holding in Russell.
 {¶ 52} As the commission correctly reasoned in its order, the employer was under no duty to pay TTD compensation after October 30, 2003, which is the date that Dr. Rehmatullah estimated a return to work. Because Dr. Rehmatullah failed to timely extend the estimated return-to-work date beyond October 30, 2003, as set forth in his August 15, 2003 C-84, the employer was under no duty to pay TTD compensation after October 30, 2003. However, the employer voluntarily paid TTD compensation through November 16, 2003.
 {¶ 53} In effect, Dr. Rehmatullah's December 15, 2003 C-84, completed on the 46th day following the expiration of the prior certification, was a request for a new period of TTD compensation. Hence, TTD compensation was not ongoing, nor continuing, at the time of Dr. Jones' examination and report.
 {¶ 54} While the employer, through its TPA, did request a hearing to adjudicate the C-84 completed by Dr. Rehmatullah on June 14, 2004, that it was the employer, rather than relator, that asked for the hearing does not convert the matter into a Russell- type *Page 18 
termination hearing. That the employer requested the hearing does not alter the fact that the employer's duty to make payments under the June 17, 2003 SHO's order had ceased due to relator's failure to have his treating physician timely extend the certification of TTD beyond October 30, 2003.
 {¶ 55} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1